# EXHIBIT 2

FILED IN DISTRICT COURT
CREEK COUNTY BRISTOW OK

IN THE DISTRICT COURT OF CREEK COUNTY
STATE OF OKLAHOMA
BRISTOW DIVISION

JUL 07 2017

TIME 1:37 pm

Amanda VanOrsdol, Court Clerk

DONALD AND MARY TEMPLE, )
Husband and Wife, )
 )
Plaintiff, )  B CJ -2017-00022
 )
vs. ) Case No.
 )
STATE FARM FIRE and CASUALTY COMPANY, ) **Attorney Lien Claimed**
 ) **Jury Trial Demanded**
Defendant. )

## PETITION

COMES NOW the Plaintiffs, Donald and Mary Temple, husband and wife, by and through their attorneys of record, Levinson, Smith and Huffman, P.C. and for their Petition allege and state as follows:

1. Plaintiffs Donald and Mary Temple, husband and wife, are individuals residing in Creek County, State of Oklahoma.

2. State Farm Fire and Casualty Company ("State Farm") is a foreign corporation incorporated under the laws of the State of Illinois and is registered to engage in the business of insurance in the State of Oklahoma and is engaged in the business of insurance in the State of Oklahoma.

3. All the events giving rise to this cause of action occurred in Creek County, State of Oklahoma therefore jurisdiction and venue are proper in Creek County.

4. Plaintiffs purchased a policy of insurance, Policy No. 36-BJ-4636-7, from State Farm and are an Insured under the policy.

5. The policy of insurance covered, among other events, damages that may arise to the Insured Location defined under the homeowner's policy as the Residence Premises as well as

1

the part of any other premises, other structures and grounds used by the insured as a residence, including the premises, structures and grounds acquired by the Insured while the policy is in effect for the insured's use as a residence as well as any premises used by the insured in connection with the Residence Premises.

6. The Insured Location is 1000 Lou Allard Drive in Drumright, Oklahoma.

7. After the purchase of the policy, on July 8, 2016, the insured Plaintiffs suffered Property Damage when their Dwelling and Extensions to their Dwelling on the Residence Premises as defined by the policy were damaged as a direct result of a wind/hailstorm.

8. The insured Plaintiffs made a timely claim under the policy.

9. State Farm investigated the claim and agreed that the policy of insurance purchased by Plaintiffs covered the claim.

10. However, despite investigating the claim and agreeing that the policy of insurance purchased by Plaintiffs covered the loss, State Farm has failed to indemnify Plaintiffs under the policy.

## COUNT I
## BREACH OF CONTRACT

11. Plaintiffs reallege and incorporate as if fully restated the allegations contained in the above paragraphs.

12. Upon Plaintiffs' timely filing of a claim on the policy of insurance issued by State Farm, State Farm refused by pay all benefits owed on behalf of Plaintiffs and failed to indemnify Plaintiffs for all damages they suffered as a result of the losses they incurred by the covered claim.

13. State Farm's failure to pay the benefits owed under the policy constitutes an unjustifiable breach of contract which has caused the Plaintiffs' significant damages.

14. As a direct result of Defendant's Breach of Contract, Plaintiffs have suffered actual damages in a sum in excess of $75,000.00.

## COUNT II
## NEGLIGENCE

15. Plaintiffs reallege and incorporate as if fully restated the allegations contained in the above paragraphs.

16. State Farm assumed the duty to timely investigate, evaluate and indemnify Plaintiffs for the loss described above.

17. State Farm knew the necessary steps it would take to timely investigate, evaluate and indemnify Plaintiff for the loss described above, yet it failed to take the appropriate and necessary steps to timely resolve these issues.

18. As a direct result of the Negligent acts of State Farm, Plaintiffs have suffered actual damages in a sum in excess of $75,000.00

## COUNT III
## BAD FAITH BREACH OF CONTRACT

19. Plaintiffs reallege and incorporate as if fully restated the allegations contained in the above paragraphs.

20. Defendant State Farm owed the Plaintiffs a duty of good faith and fair dealing to timely investigate, evaluate and indemnify all claims due and owing under the terms and conditions of the policy as well as a duty to exercise diligence, good faith and honest and conscientious fidelity to the interest of the insured.

21. Defendant State Farm failed to live up to its ongoing duty of good faith and fair dealing which has caused Plaintiffs to suffer irreparable harm.

22. In determining whether to indemnify Plaintiffs on their claims, State Farm has given consideration to State Farm's interests only and failed to, in good faith, give at least equal consideration to the interest of its insured, thereby depriving Plaintiffs of the benefits of their insurance agreement with State Farm and breaching its duty of good faith and fair dealing owed Plaintiffs.

23. Defendant State Farm's actions and omissions towards Plaintiffs are unreasonable under the circumstances and constitute a breach of its duty of good faith and fair dealing to its insureds.

24. As a direct result of Defendant's Bad Faith Breach of Contract, Plaintiffs have suffered actual damages in a sum in excess of $75,000.00.

## COUNT IV
## PUNITIVE DAMAGES

25. Plaintiffs reallege and incorporate as if fully restated the allegations contained in the above paragraphs.

26. Defendant's actions were wanton, malicious and either grossly reckless or intentional warranting an award of punitive damages.

27. As a direct result of Defendant's wanton, malicious and either grossly reckless or intentional actions, including but not limited to Defendant's acts of bad faith, Plaintiffs are entitled to punitive damages in a sum in excess of $75,000.

## PRAYER

WHEREFORE, premises considered, Plaintiffs respectfully request that this Court grant judgment in favor of Plaintiffs and against Defendant State Farm for actual damages in a sum in excess of $75,000.00 and for punitive damages in a sum in excess of $75,000.00 along with

attorney fees, including but not limited to attorney fees allowed pursuant to 12 O.S. §3629(B) (1985), costs and any other relief the Court deems just and proper.

> Respectfully submitted,
>
> /s/ Terence P. Brennan
> Lee I. Levinson, OBA #5395
> Terence P. Brennan, OBA #10036
> Evan McLemore, OBA #31407
> LEVINSON, SMITH & HUFFMAN, P.C.
> 1743 East 71st Street
> Tulsa, Oklahoma 74136-5108
> 918.492.4433 – Telephone
> 918.492.6224 – Facsimile