**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1) DONALD TEMPLE, and )<br>2) MARY TEMPLE, )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　 )<br>v.　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>1) STATE FARM FIRE AND　　　　　 )<br>CASUALTY COMPANY, )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　　Defendant. ) | Case No. 4:18-cv-00041-JED-JFJ<br><br>State Court Case No. CJ-2017-22<br>District Court of Creek County (Bristow) |

**PLAINTIFF TEMPLE'S MOTION TO EXCLUDE
<u>TESTIMONY OF MICHAEL BERRYMAN</u>**

　　COMES NOW the Plaintiffs Donald Temple and Mary Temple ("Temple"), by and through their undersigned counsel, pursuant to the Court's inherent "gatekeeping" function and hereby requests that the Court exclude the testimony of Michael Berryman. In support of this Motion, Plaintiffs state and allege as follows (1) The Court is the "Gatekeeper" of evidence and (2) Berryman's testimony is unreliable.

**<u>INTRODUCTION</u>**

　　This case is about whether State Farm breached the covenant of good faith and fair dealing in its handling of the claim of Donald and Mary Temple under the Property and Casualty policy State Farm issues to the Temples.  The question for the Court is "is State Farm in Bad Faith." "Bad Faith is the shorthand used to describe a violation of the covenant of good faith and fair dealing which is implied in every insurance contract by operation of Oklahoma law.   See <u>Brown v. Patel,</u> 157 P.3d 117, 121 n.5 (Okla. 2007).  More specifically, under the required elements of a bad faith claim, including whether State Farm in investigating, evaluating and offering payment on the Temple's Property claim was "reasonable under the circumstances" and whether State Farm

"failed to deal fairly and act in good faith toward the Temples in handling the Property claim." Id. at 129. Under Oklahoma law, insurers have both a "contractual duty to timely and properly pay a claim," and "a duty to "timely" and "properly" investigate an insurance claim" which latter duty "is intrinsic to" the contractual duty to timely and properly pay a claim. Id. at 122. To determine whether State Farm breached the covenant of good faith and fair dealing in its handling of the claim of the Temples under the Property coverage of the policy State Farm issued to Donald and Mary Temple it will be incumbent on the Court to what State Farm did or did not do in the handling of the Property claim. In evaluating the conduct of State Farm the Court will consider the legal, insurance industry and internal State Farm standards applicable to handling of insurance claims and State Farm's actions in conducting and supervising the investigation, evaluation and paying of the insurance claims.

## ARGUMENTS AND AUTHORITIES

**1.  The Court must exercise its "Gatekeeping" Role and Exclude Berryman's Unreliable Testimony.**

The testimony of an expert is controlled by the applicable statutes found at Fed. R. Evid. § 702 (Testimony by Experts); § 703 (Bases of Opinion Testimony by Expert); § 704 (Opinion on Ultimate Issue); and § 705 (Disclosure of Facts or Data Underlying Expert Opinion). In order to qualify as an expert, a witness must possess special knowledge, skill, experience, training or education. Fed. R. Evid. § 702. Furthermore, an expert's testimony is admissible only if it will assist the trier of fact (i.e. is relevant) and (1) the testimony is based upon sufficient facts and data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The ultimate objective "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual

rigor that characterizes the practice of an expert in the relevant field. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The United States Supreme Court has delineated factors that a trial court may consider in assessing the reliability of expert testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-94 (1993),

> (1) whether the theory in question can be and has been empirically tested;
> (2) whether the theory in question has been subjected to peer review and publication;
> (3) the theory's known or potential error rate and whether that rate is acceptable; and
> (4) whether the theory is generally accepted in the scientific community.

*Daubert,* 509 U.S. at 593-94, 113 S.Ct. 2786. Fed. R. Evid. § 401. Thus, when evaluating the admissibility of expert testimony, a court must first determine whether an expert is "qualified by 'knowledge, skill, experience, training, or education' to render an opinion." *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001) (*quoting* Fed. R. Evid. 702). Second, even if a witness is qualified as an expert, the court must then determine whether the witness's opinions are reliable. Id.

The burden is on the Defendant to prove that the opinions are admissible and pass muster under *Daubert* and its progeny. Defendant must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which satisfy the reliability requirements and which are based on "the same level of intellectual rigor" that a professional in that field would utilize. *Mitchell v. Gencorp, Inc.,* 165 F.3d 778, 782 (10th Cir. 1999); *see also Alexander v. Smith & Nephew, P.L. C.,* 98 F. Supp. 2d 1310, 1316 (N.D. Okla. 2000) (court cannot rely on an expert's mere assurance that the methodology and data are reliable.

    **2.**    **Berryman's opinions are not based on independent analysis to "the same level of intellectual rigor" that is necessary to render his opinions.**

Berryman is essentially testifying as a Bad Faith expert. Introduction of such testimony violates Federal Rule of Evidence 702. A jury is competent to decide the issues on which Mr.

Berryman is testifying – legal standards applicable to handling of insurance claims. This is an attempt by Defendant to derogate the universal rule that witnesses may not instruct the jury as to the applicable principles of law.

**3.   Controlling case law dictates that Berryman's testimony be excluded because the jury is competent to, and should, decide the issue of bad faith.**

Fed. R. Evid. § 702 imposes the requirement that before any expert testimony is presented, it must be shown that "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." See Fed. R. Evid. 702 (emphasis added). The Tenth Circuit, in applying Federal Rule of Evidence 702, squarely considered the issue of expert testimony in bad faith actions in *Thompson v. State Farm Fire & Gas. Co.*, 34 F.3d 932 (10TH Cir. 1994).

In *Thompson*, the plaintiff sought to introduce the testimony of a purported expert in the exact same area in which Mr. Berryman is being offered to testify as an expert - investigation of insurance claims. Id. This expert was offered under the purview of Federal Rule of Evidence 702, assertedly so that the jury would be able to compare the insurer's actions "to the industry standard and the laws of the State of Oklahoma." Id. The Tenth Circuit Court of Appeals, in affirming the district court's exclusion of the alleged expert's testimony, noted:

> [We] have already said as to the jury's competence to deal with the bad faith issue on its own confirms the discretionary power of the district judge to bar testimony by the asserted expert. It must be remembered that Fed. R. Evid. 702 includes a requirement that the testimony will 'assist the trier of fact to understand or to determine a fact in issue,' a requirement that 'goes primarily to relevance.' And . ..under Fed. R. Evid. 702 'the "touchstone" of admissibility is the helpfulness to the trier of fact.

Id. at 941 (citations omitted). This type of testimony does not assist the trier of fact because as the Thompson Court expressly recognized, jurors have an inherent ability to decide the issue of bad faith on their own:

> [J]urors may properly be viewed as capable of evaluating good and bad faith just as they regularly determine what constitutes the conduct of a 'reasonable' person) by bringing their own common sense and life experience to bear.

Id. at 939. The Thompson Court further noted that where expert testimony was offered on an issue that a jury may readily assess on its own, then it was proper for the district court to exclude such testimony as it will not even "marginally assist the trier of fact." Id. at 941. This controlling authority clearly demonstrates that any "expert" testimony of Mr. Berryman is properly excluded because the jury is competent to consider, and evaluate, the issue of bad faith on its own. Mr. Berryman's testimony should be excluded pursuant to Federal Rule of Evidence 702, because it plainly will "not assist the trier of fact" to "determine a fact at issue." See Fed. R. Evid. 702.

In addition, even if Berryman's testimony met the relevance standard of Section 702, it should still be excluded under Fed. R. Evid. 403, which provides, in part "relevant, evidence may be excluded if its probative value is substantially outweighed by...considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  As noted by the *Thompson* court:

> Expert testimony, like any other evidence is subject to exclusion if it fails the Fed. R. Evid. 403 balancing test. And where as here expert testimony is offered on an issue that a jury is capable of asserting for itself, [an insurer's bad faith denial of a claim] it is plainly within the trial court's discretion to rule that testimony inadmissible because it would not even marginally 'assist the trier of fact,' while it must be viewed as a 'needless presentation' (Fed. R. Evid. 403) for the reasons that we have already explained.

Id. at 941 (citations omitted). Mr. Berryman's proposed testimony regarding claims handling patently fails the tests for admissibility as set forth in Federal Rules of Evidence 702 and 403. As such, Mr. Berryman's testimony should be precluded.

### 4. Controlling case law dictates that Mr. Berryman's testimony be excluded because no witness may testify as to a legal conclusion.

Mr. Berryman's testimony on the issue of bad faith is an attempt by the Defendant to introduce testimony as a legal conclusion. That is, the Defendant is attempting to establish through Mr. Berryman's testimony that State Farm's investigation, evaluation and handling of the Plaintiff's claim was not in bad faith under Oklahoma statutes and regulations. The Tenth Circuit has repeatedly an unequivocally held that no witness may testify as to a legal conclusion. See *United States v. Vreeken*, 803 F.2d 1085, 1091 (101 Cir. 1986).  See also *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir.1988). "[Q]uestions of law are the subject of the court's instructions and not the subject of expert testimony" *United States v. Ingredient Technology Corp.*, 698 F.2d 88, 97 (2d Cir.), cert denied, 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983); see also United States v. Jensen, 608 F.2d 1349, 1356 (10th Cir. 1979) ("an expert witness cannot state legal conclusions by applying law to the facts"). *Vreeken*, 803 F.2d at 1091. "[W]hen the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed." *Specht*, 853 F.2d at 809- 810. "In no instance can a witness be permitted to define the law of the case." Id.

Here, Mr. Berryman seeks to introduce testimony as to legal conclusions by attempting to direct the jury's understanding of the legal standards upon which their verdict must be based. Specifically, Mr. Berryman intends to advise and instruct the jury regarding Oklahoma law on issues relevant to bad faith and insurance coverage.  Mr. Berryman seeks to provide expert testimony in this case by applying these laws to the facts at issue. However, controlling case law clearly dictates that an expert witness cannot state legal conclusions by applying law to the facts. Therefore, Mr. Berryman's proposed testimony regarding these legal standards and their

application to State Farm's investigation, evaluation, and handling of Defendant's claim must be excluded at trial.

**5.     Defendant's expert, Michael Berryman, is not qualified to testify as an expert on whether State Farm acted in Bad Faith.**

The Defendant seeks to admit Mr. Berryman's testimony to establish that State Farm did not breach its duty of good faith and fair dealing (as recognized under Oklahoma law) to the Plaintiff in its handling of the Temples' claim under the coverage of the policy. Federal Rule of Evidence 702, the rule governing expert testimony, initially requires that "a witness [be] qualified as an expert by knowledge, skill, experience, training, or education" before a person may be considered an expert. See Fed. R. Evid. 702. Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), a trial court is required to perform its role as a "gatekeeper" to determine whether the proposed expert testimony is admissible under Federal Rule of Evidence 702 and whether such testimony "rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.

## CONCLUSION

Berryman's testimony lacks any scientific support for his opinions. Berryman is serving as a mere mouthpiece for State Farm. Berryman has provided no "reliable scientific explanation" for his opinion nor has he engaged in the "same level of intellectual rigor" an expert would be required to use in rendering his opinion. His testimony must be excluded. This is precisely the type of testimony the Court's "gatekeeping" function is meant to exclude. The Court must see through this testimony for what it is.

WHEREFORE, for the above stated reasons, Plaintiffs Donald and Mary Temple respectfully request that this Court grant its motion to exclude expert, Michael Berryman, from testifying in this case.

Respectfully submitted,

_s/Terence P. Brennan_____
Terence P. Brennan, OBA #10036
John Thetford, OBA #12892
Evan M. McLemore, OBA #31407
LEVINSON, SMITH & HUFFMAN, P.C.
1743 East 71st Street
Tulsa, OK 74136-5108
918.492.4433 – Tel.
918.492.6224 – Fax
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2019, I served a true and correct copy of the above and foregoing, via electronic mail, to the following:

Mia Vahlberg – mvahlberg@gablelaw.com
Robert Carlson – rcarlson@gablelaw.comr
GableGotwals

_s/Terence P. Brennan_____
Terence P. Brennan