# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD TEMPLE, and <br> MARY TEMPLE, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY <br> COMPANY, <br><br> Defendant. | Case No. 18-CV-41-JED-JFJ |

## ORDER

Before the Court is Plaintiffs' Opposed Motion to Compel ("Motion") (ECF No. 147), which is fully briefed. The Court has held two prior discovery hearings and does not find an additional hearing necessary.

During the April 30, 2019, hearing, the Court addressed Plaintiffs' Amended Second Motion to Compel Discovery (ECF No. 80), which sought responses to Plaintiffs' Third Set of Discovery Requests. Those requests consisted of: (1) interrogatories requesting Defendant to "[i]dentify all residential roof damage claims [within varying distances] under the FP-7945 Homeowners Policy Defendant issued in Oklahoma resulting from the July 8, 2016 hail/wind storm in Creek County, Oklahoma"; and (2) one request for production of "documents that [it] reviewed or relied upon in forming your responses to any of the Interrogatories above." The Court compelled a limited version of Interrogatory 12, which Defendant had proposed as a compromise during a meet and confer, and the corresponding Request for Production 14. Specifically, the Court compelled Defendant to: (1) identify all residential roof damage claims within an identified area made under the Ordinance and Law Endorsement ("OL Endorsement") in FP-7945 Homeowners Policy resulting from the July 8, 2016 hail/wind storm in Creek County, Oklahoma

(modified Interrogatory 12); and (2) produce documents it reviewed or relied on in forming that answer (RFP 14). *See* ECF No. 128 (transcript of motion hearing conducted April 30, 2019). The Court expressly cautioned that any follow-up discovery as to these other claims would be limited, if permitted. *Id.* at 18. The Court also cautioned that it had no intention of permitting depositions of other insureds. *Id.* Defendant provided supplemental responses on May 31, 2019 ("Supplemental Responses"), which included documents entitled "Summary of Loss" for three other claims that fit within the search parameters. Defendant redacted the named insured, claim number, and claims handler from the Summaries of Loss.

Plaintiffs then filed an Amended Motion for Leave to Reopen Discovery and Request for Stay, which Judge Dowdell addressed by written Order. Judge Dowdell reopened discovery for the purpose of deposing Carmen Richwine ("Richwine") on issues relating to a January 22, 2019, denial letter and the Supplemental Responses, which consist of the three Summaries of Loss.[1] Judge Dowdell denied Plaintiffs' request to depose certain other witnesses and stayed decisions on summary judgment. *See* ECF No. 146. He deferred to the undersigned on two discrete issues related to the Court's April 30, 2019, ruling, and ordered Plaintiffs to file a separate motion as to those issues. Plaintiffs then filed the currently pending Motion, requesting that: (1) the Court order Defendant to remove redactions from the Summaries of Loss; (2) compel production of the claim files related to three Summaries of Loss; and (3) permit depositions of the three other insureds.

The Motion is granted to the extent it requests Defendant remove all redactions from the Summaries of Loss, including the names of claims handlers, claims numbers, and the names of insureds. Defendant argues the information is not responsive, because Plaintiffs only requested

---

[1] The January 22, 2019, denial letter was a significant development that occurred after the close of discovery and on the same date Defendant filed its motion for summary judgment.

identification of "claims." However, the Court's intent was to permit identification of claims and underlying documents used to identify those claims, including identity of insureds and other information on the responsive documents. Defendant also argues the redacted information is not relevant. However, the Court finds the entirety of the Summaries of Loss to be relevant and proportional to the needs of the case.

With respect to privacy interests of other insureds, the Court is merely ordering that their names be revealed. Plaintiffs will know the amount other insureds were paid by Defendant for a roof claim, which does not reveal overly sensitive information. Further, the unredacted documents can be produced pursuant to the protective order in this case. The Court overrules any objection to production of this information premised on privacy protections extended by federal law or the Oklahoma Insurance Code.[2] Claim numbers and the identity of Defendant's own claims handlers is clearly not sensitive or private data, and the redactions are unwarranted.[3]

The Motion is also granted to the extent it seeks to reopen discovery to request the three underlying claim files. Defendant contends it did not review or rely on the claim files to identify the three claims, and that the files are therefore beyond the scope of RFP 14. The Court credits this explanation. However, the Court finds that this additional written discovery request is a limited, proportional, and relevant request that will assist Plaintiffs in understanding the three responsive Summaries of Loss and why benefits were paid under the OL Endorsement in those cases. Plaintiffs may submit a request only for those three claims files no later than three days from the date of this Order, and Defendant shall file a Second Supplemental Response no later

---

[2] Assuming it applies here, the federal statute cited by Defendant includes an exception for disclosures in response to judicial process. *See* 15 U.S.C. § 6802(e)(8).

[3] Based on this ruling, the request for Richwine to provide the redacted information during her deposition is moot. Further, Richwine's deposition took place on October 8, 2019.

than one week from receipt of such request. The files may be produced pursuant to the protective order.[4]

The Court denies any request to reopen discovery for the purpose of deposing the three other insureds. During the April 30, 2019, hearing, the Court stated it had no intention of permitting depositions of any other insureds identified by Interrogatory 12. Depositions of these individuals would be of marginal relevance to the questions of whether Defendant breached the contract or committed bad faith in relation to Plaintiffs, and the Court finds that permitting these depositions at this stage of the proceedings is not proportional to the needs of the case. The Court has permitted Plaintiffs to obtain the claim files, which is a more reasonable and proportional means of discovering why OL Endorsement benefits were paid in those cases.

**SO ORDERED** this 28th day of October, 2019.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] Although the Court cautioned against follow-up discovery, the Court contemplated the possible production of any underlying claims files when it granted Plaintiffs' Amended Second Motion to Compel. Given the small number of identified claims, this follow-up written discovery is reasonable and proportional.